UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMMANUEL ANTIONE HEMPHILL, ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, *et al.*, ) <br> ) <br> *Defendants*. ) | Case No. 1:23-cv-02865 (UNA) |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's *pro se* complaint, Dkt. 1, and application for leave to proceed *in forma pauperis* (IFP), Dkt. 2. The Court will grant the IFP application, and it will dismiss the case without prejudice for the reasons explained below.

Plaintiff, an inmate currently designated to the Bexar County Adult Detention Center in San Antonio, Texas, has filed a 654-page prolix complaint, as well as two additional motions to amend and supplement that complaint, *see* Dkts. 4, 6. Plaintiff sues approximately 338 Defendants, but the allegations against them are, at best, vague, rambling, and overbroad, and at worst, utterly incomprehensible. He alleges that a "large scale organized conspiracy which was operating from within the interior of the United States government," Dkt. 1-1 at 27, has been executed against him and others and is indicative of a "continuing violation" of his rights, *e.g.*, *id.* at 20–23. He further alleges that this conspiracy is the cause of his arrest, conviction, and subsequent mistreatment in prison, and that the alleged wrongdoers have, *inter alia*, attempted to leak sensitive information and murder him, *see, e.g., id.* at 3, 23, 26–28 30–31, 36–37, 471–72, 474. He demands equitable relief and billions of dollars in damages.

Put simply, the complaint fails to meet the minimal pleading standards of Federal Rule of Civil Procedure 8(a), which requires complaints to contain "(1) a short and plain statement of the

grounds for the court's jurisdiction [and] . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments," it does not fulfill the requirements of Rule 8.  *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017) (cleaned up), *aff'd sub nom*. *Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8."  *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (cleaned up).

      The instant complaint falls squarely into this category.  Neither the Court nor the multitude of Defendants can reasonably be expected to identify Plaintiff's intended claims.  Furthermore, Plaintiff's pending motions to amend and supplement are equally indecipherable and fail to assist in clarifying the original complaint.  *See Richardson v. United States*, 193 F.3d 545, 548–49 (D.C. Cir. 1999) (holding that leave to amend a complaint will not be granted when such amendment would be futile) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

For all of these reasons, this case is dismissed without prejudice. Plaintiff's motions to amend and supplement, Dkts. 4, 6, are denied. A separate order accompanies this memorandum opinion.

Date: November 17, 2023

/s/ *Ana C. Reyes*

ANA C. REYES
United States District Judge